UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

CASSANDRA HENDERSON, MD,

                                                                    Plaintiff, **STIPULATION AND**
**PROTECTIVE ORDER**

                -against-

18 CV 03430 (JMF)

PHYSICIAN AFFILIATE GROUP OF NEW YORK P.C.,
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, CARMEN SULTANA, MD, and JOHN
DOE 1-10,

                                                                      Defendants.

------------------------------------------------------------------------ X

       **WHEREAS**, the Parties have sought or will seek certain documents and information from each other in discovery in this action, which the Parties deem to be confidential ("Confidential Information"); and

       **WHEREAS**, the Parties would object to the production of those documents and information unless there is appropriate protection for their confidentiality, as described in the Protective Order below; and

       **WHEREAS**, in accordance with Federal Rule of Civil Procedure Rule 26(c), the Court issues this Protective Order, upon the joint request of the Parties, for the purposes of facilitating the disclosure of information and assuring the confidentiality of information that may be disclosed by the Parties during discovery in this action;

       **IT IS THEREFORE ORDERED THAT:**

       1. As used herein, "Confidential Materials" shall mean all documents that a party in good faith designates as "Confidential Materials."

       2. When used in this Stipulation and Order, "Disclosing Party" shall refer to the party producing materials designated as Confidential Material.

3. When used in this Stipulation and Order, "Receiving Party" shall refer to the party receiving materials designated as Confidential Material.

4. Confidential Materials shall not include: (a) documents and information that is publicly available; (b) documents and information in the possession of the Receiving Party at the time of disclosure by the Disclosing Party not previously acquired from the Disclosing Party; (c) documents and information acquired by the Receiving Party from a non-party to this action not under any obligation of confidentiality to the Disclosing Party or not in violation of the Disclosing Party's rights; and (d) documents and information independently developed by the Receiving Party without any use of any Confidential Materials.

5. **Method of Designating Documents and Information as Confidential Materials.** There are three methods by which a Party may designate materials to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Materials "Confidential" in a fairly conspicuous fashion prior to production of such document; or (b) by designating in writing the Bates-stamp numbered pages to be designated as "Confidential" prior to production of such documents deemed to be Confidential; or (c) a Party may designate deposition exhibits or portions of deposition transcripts as Confidential Material either by: (i) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (ii) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their

control as directed by the Disclosing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. **Subsequent Designation of Confidential Materials.** Documents and/or materials produced in this action that are not identified as Confidential Materials when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by the Party by providing written notice to counsel and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

7. **Contesting Confidential Designations.** A Party may object to the designation of documents/information by another Party as "Confidential" by notifying counsel in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either party may seek appropriate relief from the Court consistent with the Court's discovery rules. Until the Court issues an order resolving the dispute, the Party shall treat the disputed documents as Confidential.

8. **Use and Disclosure of Confidential Materials.** The Parties receiving Confidential Materials may use such Confidential Materials solely for the prosecution and defense of this action.

9. Nothing contained in this Stipulation and Protective Order, however, will affect or restrict the rights of any Party with respect to use of its own documents or information produced in this action.

10. Information designated as "Confidential Materials" and documents containing information that is "Confidential Materials" shall be used by a Party solely for the purpose of this action, and in no other litigation or proceeding; and, unless the Court for good cause shown, rules otherwise, such information shall not be disclosed to any person other than the following qualified recipients:

    a. Counsel retained by a Party, including any paralegal, clerical or other assistant that plaintiff's counsel regularly employs and assigns to this matter;

    b. The parties to this action;

    c. Any witness whom a Party in good faith may call to testify at trial or deposition, other than defendants, provided that the witness has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A," hereto;

    d. the court reporter(s) or videographer(s) engaged by the parties to transcribe and/or record depositions the parties conduct in this matter;

    e. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to a Party's counsel in connection with this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A," hereto;

f. outside vendors or service providers (such as copy-service providers and document-management consultants) that a Party's counsel hires and assigns to this matter, provided that such vendors or service providers have first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A," hereto;

g. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A," hereto;

h. any Court, including any appellate court, its clerks and support personnel, and court reporters.

11. Confidential Materials or documents disclosed to persons defined in subparagraphs (a) through (g) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (g) of paragraph 10 nor shall any such information be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

12. Before disclosing any Confidential Material to a Party or any person referred to in subparagraphs (c), (e), (f) or (g) of paragraph 10, above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit "A," hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify at deposition or at the conclusion of the case, whichever comes first.

13. All persons attending any deposition(s) in this case shall be subject to this Confidentiality Order. Should any Confidential Information be disclosed in a deposition, all Confidential Materials and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Confidentiality Order.

14. **Use of Confidential Materials.** Neither the documents containing Confidential Materials, nor the Confidential Materials contained therein, shall be utilized, copied or reproduced by a Party except as needed in connection with this litigation. All copies shall be maintained within the control of the Party's counsel. Any summary or copy of the Confidential Materials or the documents containing Confidential Materials shall be subject to the terms of this Protective Order. Except as further provided in this Protective Order, neither a Party nor the Party's counsel shall in any way, directly or indirectly, publish or disseminate any Confidential Materials without the permission of the other Parties. The prohibitions in this paragraph include, but are not limited to, any acts to post on a website(s), any acts to publish in any internet "chat room" or public discussion site, any acts to provide the information to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the information. Portions of affidavits, declarations, affirmations, deposition transcripts, expert reports, briefs and other court filings quoting, excerpting or summarizing Confidential Materials shall be similarly protected from dissemination or disclosure.

15. A Party desiring to require any Confidential Materials be sealed upon filing with the Court shall follow the procedures set forth in Rule 7.D. of the Court's Individual Rules and Practices in Civil Cases with respect to filing documents under seal. This Stipulation and Protective Order does not provide for the automatic sealing of documents. Subject to the

applicable rules of evidence, Confidential Materials may be disclosed at trial of this action or at a proceeding in open court subject to a ruling by the Court

16. However, where the Confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

17. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Confidential Materials produced under this Protective Order to any person or entity not identified herein, the name of that person or entity and the reason access is required shall, if permitted by law, be provided to the Disclosing Party no less than seven (7) days prior to disclosure, dissemination, or transmittal so as to provide the Disclosing Party sufficient time to object and seek a protective order as necessary. If Confidential Materials produced under this Order are required by law or court order to be disclosed to a person or entity not identified herein, the person or entity receiving the Confidential Materials shall be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of a Non-Disclosure Agreement in the form annexed as Exhibit "A," hereto.

18. Within sixty (60) days of the final disposition of this action -- including all appeals -- the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, but not including privileged material and/or attorney work product, shall be destroyed by the Receiving Party. By the sixty (60) day deadline, a Party must certify its destruction by submitting a written certification to the Disclosing Party that affirms that he/she has not retained any copies, abstracts, compilations,

summaries, or other forms of reproducing or capturing any of the Confidential Materials. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials. Any such archival copies that contain or constitute Confidential Materials remain subject to this Order. Nothing in this provision will interfere with any attorney's obligation to maintain client files for seven (7) years.

19. Nothing in this Stipulation and Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the parties hereto in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action. Nor is anything herein intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

20. Nothing in this Stipulation and Protective Order is intended to or shall serve to waive or limit a Party's right to review, object to the production of, withhold or redact documents and related information (including metadata) for relevance and responsiveness, as permitted or required by state or federal statute, or on the basis of privilege. Further, nothing contained herein is intended to serve to limit a Party's right to make redactions to any documents consistent with Rule 5.2 of the Federal Rules of Civil Procedure. Nothing herein is intended to serve to limit a Party's right to challenge redactions made by the other Party.

21. Nothing in this Stipulation and Protective Order shall be construed to limit the use of the Confidential Materials in any manner by the Party that produced or designated them.

22. This Stipulation and Protective Order may be changed only by further agreement of the Parties in writing or by order of the Court and is without prejudice to the right of any Party to seek modification or judicial relief of this Stipulation and Protective Order by application to the Court on notice to the other Party.

23. This Stipulation and Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the parties or by order of the Court.

24. This Court shall retain jurisdiction over all persons and Parties subject to this Order to the extent necessary to enforce any obligations arising hereunder, to impose sanctions for any contempt thereof, and to resolve any dispute regarding Confidential Materials.

25. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated: New York, New York
January 6, 2020

WALDEN MACHT & HARAN LLP
Milton L. Williams
Adam Cohen
Attorneys for Plaintiff
One Battery Park Plaza, 34th Floor
New York, New York 10004
(212) 335-2030
mwilliams@wmhlaw.com
acohen@wmhlaw.com

By: _____
Adam Cohen

GEORGIA M. PESTANA
Acting Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 2-139
New York, New York 10007
 (212) 356-2473
kbowers@law.nyc.gov

By: _____
Kerrin A. Bowers
Assistant Corporation Counsel

**SO ORDERED:**

January 7, 2020
_____
Date

_____
Jesse M. Furman U.S.D.J.

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Confidentiality Order ("Order") entered in the United States District Court for the Southern District of New York, on _____, 20__ in the action entitled *Cassandra Henderson, MD v. Physician Affiliate Group of New York P.C, New York City Health and Hospitals Corporation, Carmen Sultana, MD, and John Doe 1-10*, 18 CV 03430 (JMF), or has been advised of its provisions or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case or as permitted by the Order, and will not further disclose the Confidential Materials except in testimony taken in this case or as permitted by the Order.

_____          _____
Date                                                                    Signature

                                                                       _____
                                                                       Print Name

                                                                       _____
                                                                       Occupation

18- CV- 03430 (JMF)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

CASSANDRA HENDERSON, MD,

              Plaintiff,

-against-

PHYSICIAN AFFILIATE GROUP OF NEW YORK P.C., NEW YORK CITY HEATLH AND HOSPITALS CORPORATION, CARMEN SULTANA, MD, and JOHN DOE 1-10,

              Defendants.

## STIPULATION AND PROTECTIVE ORDER

***JAMES E. JOHNSON***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-139*
*New York, N.Y. 10007*

*Of Counsel: Kerrin A. Bowers*
*Tel: (212) 356-2473*

*Matter Number: 2018-030251*

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y. ................................, 2020

*Signed:* ................................................................

*Attorney for* ........................................................